UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                              Case Nos.:  3:13cr110/RV/EMT
                                                             3:21cv482/RV/EMT
JACOB DANIEL HAWKINS
_____/

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 39). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After review of the record, the undersigned recommends that the motion be dismissed, because it is both untimely and without merit.

BACKGROUND AND ANALYSIS

On November 19, 2013, a grand jury charged Jacob Daniel Hawkins in a single count indictment with possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (ECF No. 1). He pleaded guilty pursuant to a written plea agreement on January 9, 2014 (ECF Nos. 18–20).

The plea agreement provided that if Hawkins' prior criminal record made him subject to enhanced penalties under 18 U.S.C. § 924(e), he faced a minimum mandatory term of 15-years imprisonment and a maximum of life imprisonment, a $250,000.00 fine, a 5-year term of supervised release, and a $100 Special Monetary Assessment (SMA) (ECF No. 19 at 1–2)   If the enhanced penalties did not apply, he was subject to a maximum of 10-years imprisonment and a 3-year term of supervised release (and the same monetary penalties) (*id.* at 2).

The Final Presentence Investigation Report (PSR) determined that Hawkins was not subject to the enhanced penalties (ECF No. 31, PSR ¶ 145a).   Therefore, with a Total Offense Level of 21 and a Criminal History Category of VI, the applicable advisory guidelines range was 77 to 96 months, followed by not more than three years of supervised release (*id.* at 147, 150).   On April 8, 2014, the district court sentenced Hawkins at the high end of this range to a term of 96-months imprisonment, followed by three years of supervised release (ECF Nos. 32–34). The sentence was ordered to run concurrent with any sentence imposed in Escambia Circuit Case No. 2013-CF-4444, a case arising out of the same offense conduct wherein Hawkins was charged with aggravated assault on a law enforcement officer

with a firearm and possession of a firearm by a convicted felon (ECF No. 33; ECF No. 31, PSR ¶ 74).

Hawkins did not appeal. Bureau of Prisons records indicate Hawkins was released on January 29, 2021. He is currently in the custody of the Florida Department of Corrections with a projected release date of May 5, 2023.[1] Hawkins filed the instant § 2255 motion on March 11, 2021. *See Houston v. Lack,* 487 U.S. 266, 276 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule").

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] www.dc.state.fl.us/offenderSearch/detail.aspx?Page=Detail&DCNumber=536856&TypeSearch=AI

Case Nos.: 3:13cr110/RV/EMT; 3:21cv482/RV/EMT

28 U.S.C. § 2255. If a defendant does not file an appeal, his conviction becomes final when the fourteen-day time period for filing an appeal expires. *See* Fed. R. App. P. 4(b)(1)(A)(i); *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011). In this case, Hawkins' conviction and sentence became final when this period expired, on April 29, 2015. Therefore, to be timely, his § 2255 motion had to be filed not later than April 29, 2016. His motion is facially untimely.

Unless Hawkins establishes his entitlement to equitable tolling, his motion is time barred. *Jones v. United States*, 304 F.3d 1035, 1038 (11th Cir. 2002) (citing *Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000)). Equitable tolling is appropriate when a § 2255 motion is untimely because of "extraordinary circumstances that are both beyond [the defendant's] control and unavoidable even with diligence." *Clemons v. Comm'r, Al. Dep't of Corr.,* 937 F. 3d 1231, 1241 (11th Cir. 2020) (quoting *Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005) (*quoting Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)). It only applies in "truly extraordinary circumstances." *Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) (citations omitted). Otherwise stated, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted); *Hutchinson v. Florida*, 677 F.3d 1097, 1100 (11th Cir. 2012). The onus is on the moving defendant to show that he is entitled to this extraordinary relief. *Clemons*, 967 F.3d at 1241, *Johnson*, 340 F.3d at 1226. Neither ignorance of the law nor a lack of legal representation will excuse an untimely filing, and the court will not relieve a petitioner who has sat upon his rights. *United States v. Cicero*, 214 F.3d 199, 203 (D.C. Cir. 2000) (citations omitted). In the case of a represented party, even gross negligence on the part of counsel is an insufficient ground to equitably toll a limitations period. *Clemons*, 967 F.3d at 1242.

Hawkins filed his motion on an older form that does not include a question regarding timeliness, and he did not address the issue on his own. He has not indicated any attempt to rely on the doctrine of equitable tolling, and no basis for application of this doctrine is apparent from the record. As such, his untimely motion should be summarily dismissed.

Additionally, Hawkins' claim is utterly devoid of merit. His lone claim for relief is that the court's imposition of a prison sentence and a "probation" sentence for one offense is double jeopardy. Hawkins is mistaken. The three-year term of supervised release is part of Hawkins' sentence, not a separate punishment for the

Case Nos.: 3:13cr110/RV/EMT; 3:21cv482/RV/EMT

same offense. *See* 18 U.S.C. § 3583(a) (authorizing courts to include a term of supervised release "as part of the sentence"). Furthermore, if he were to violate his term of supervised release in the future, there is no double jeopardy protection against revocation of his supervised release and imposition of a term of imprisonment. *United States v. DiFrancesco*, 449 U.S. 117, 137 (1980) (citations omitted); *United States v. Woods*, 127 F. 3d 990, 991–93 (11th Cir. 1997).

In conclusion, Hawkins' motion is both untimely and without merit and it should be dismissed.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing § 2255 Proceedings.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).

Case Nos.: 3:13cr110/RV/EMT; 3:21cv482/RV/EMT

Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The motion to vacate, set aside, or correct sentence (ECF No. 39) be summarily **DENIED and DISMISSED** as untimely.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 19th day of March 2021.

>  /s/ Elizabeth M. Timothy
>  **ELIZABETH M. TIMOTHY**
>  **CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.**  An objecting party must serve a copy of its objections on all other parties.  A party who fails to object to the

Case Nos.: 3:13cr110/RV/EMT; 3:21cv482/RV/EMT

**magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**